IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| RA'QUAN JONES,<br>    Plaintiff,<br><br>v.<br><br>AUSTIN NOWLIN, et al.,<br>    Defendants. | )<br>)<br>)<br>)    1:21cv837 (RDA/TCB)<br>)<br>)<br>) |

MEMORANDUM OPINION and ORDER

Proceeding pro se, Virginia inmate Ra'Quan Jones ("Jones" or "plaintiff") initiated this civil rights action pursuant to 42 U.S.C. § 1983, and alleges in his amended complaint that defendants Austin Nowlin and William Martz, III, employees of the Virginia Center for Behavioral Rehabilitation ("VCBR"), were deliberately indifferent to his serious medical need by not seeking medical treatment for him after he was assaulted at 3:10 p.m. on February 4, 2021. [Dkt. No. 8 at 4]. Plaintiff seeks monetary relief in the amount of $3,000,000. Because plaintiff is a prisoner, his amended complaint will be screened to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. See 28 U.S.C. § 1915A. For the reasons stated below, the complaint fails to state a § 1983 claim and will be dismissed with prejudice because further amendment would be futile.

I. Facts

In his amended complaint, Plaintiff alleges he was assaulted by another inmate at 3:10 p.m. on February 4, 2021, and that defendants Nowlin and Martz were on duty and in the pod where the assault took place at the time of the assault. [Dkt. No. 8 at 4]. Plaintiff alleges as a result of the assault he sustained a "lacerated lip, bleeding gums, and scratches on [his] hands and legs." [Id.]. Despite showing his still bleeding lip to Nowlin, Nowlin did not call for medical

assistance. Plaintiff alleges that he did not receive medical attention until the facility manager and the emergency response team arrived at 3:15 p.m. Plaintiff was sent to the emergency room where he "received stitches to close the laceration on [his] lip." [Id.].

## II. Standard of Review

Pursuant to § 1915A, this Court must dismiss any claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992). (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## III. Deliberate Indifference

An Eighth Amendment claim relating to medical care in prison requires a plaintiff "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Thus, plaintiff must allege two distinct elements to support a claim. First, he must allege a sufficiently serious medical need that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

Second, a plaintiff must allege that the defendant was deliberately indifferent to his serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An assertion of mere negligence or even malpractice is not sufficient to state an Eighth Amendment violation. See Estelle, 429 U.S. at 106. Instead, "an official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them." DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). Significantly, a prisoner's disagreement with medical personnel over the course of his treatment is inadequate to state a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Here, Plaintiff alleges that defendants Nowlin and Martz did not summon medical assistance immediately establishes that they were deliberately indifferent to his serious medical need. The Court will assume that the laceration to plaintiff's lip was a serious medical need for purposes of determining if he has stated a claim. The delay of five minutes between the time of the assault and when he was sent to the emergency room where the laceration to his lip was stitched [Dkt. No. 8 at 4], however, does not constitute deliberate indifference.[1]

Delay of, or interference with, medical treatment can amount to deliberate indifference. See Formica v. Aylor, 739 F. App'x 745, 755 (4th Cir. 2018); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The Fourth Circuit, however, has held that there is no Eighth Amendment violation

> unless "the delay results in some substantial harm to the patient," such as a "*marked*" exacerbation of the prisoner's medical condition or "frequent complaints of severe pain." See Webb v. Hamidullah, 281 F. App'x 159, 166-67 (4th Cir. 2008) (emphasis added); see also Sharpe v. S.C. Dep't of Corr., 621 F. App'x 732, 734 (4th Cir. 2015) ("A delay in treatment may constitute deliberate

---

[1] In the original complaint, Plaintiff stated the laceration required three stitches and that he had a "permanent scar." [Dkt. No. 1 at 4].

indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." (internal quotation marks omitted)).

Formica, 739 F. App'x at 755. Substantial harm may also be "a life-long handicap or permanent loss.'" Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting Monmouth Co. Corr. Inst. Inmate v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)). "[T]he length of delay that is tolerable depends on the seriousness of the condition and *the ease of providing treatment*." Id. at 758 (quoting McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010)) (emphasis added).

The length of the delay in this case was minimal — five minutes before Plaintiff was sent to the emergency room where he received the stitches. A minimal delay without substantial harm resulting from the delay does not constitute deliberate indifference.[2] See Andujar v. Rodriguez, 486 F.3d 1199, 1204 (11th Cir. 2007) (paramedics who treated an arrestee for a dog bite but delayed his transportation to a hospital for a "short delay" of about "two hours or less" to give the police an opportunity to book the arrestee, were not deliberately indifferent; the delay of two hours before the arrestee was transported to the hospital where he received stiches "was tolerable"); Russo v. Beaton, 234 F. App'x 725, 726 (9th Cir. 2007) (fifteen minute delay in treating broken finger sustained during arrest did not amount to deliberate indifference); Hubbard v. Gross, 199 F. App'x 433, 438 (6th Cir. 2006) (two-hour delay in arrestee receiving a splint for his broken hand failed to establish objective component of deliberate indifference claim); Gaudreault v. Mun. of Salem, Mass., 923 F.2d 203, 208-09 (1st Cir. 1990) (no deliberate indifference because there was no evidence that the arrestee's injuries were exacerbated in the slightest by the ten-hour delay in providing treatment, which found bruises and required a sling, an eye-patch and the application of some disinfectant); Ford v. Kennerly, No. 1:16cv243, 2016

---

[2] Plaintiff's mention of a scar in the original complaint does not alter the analysis of his claim because there is no evidence that the five-minute delay "contributed to the size or appearance of his ... scar." See Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004).

U.S. Dist. LEXIS 70335, at *63 (W.D. Mich. May 31, 2016) ("delay of 30 to 60 minutes before being examined by a healthcare professional is objectively not unreasonable"); Portis v. Caruso, No. 1:07cv970, 2007 U.S. Dist. LEXIS 103990, at *9 (W.D. Mich. Nov. 19, 2007) (objective prong of deliberate indifference "is satisfied only when 'society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk…. one that society 'chooses not to tolerate.' A one-hour delay in receiving medical treatment for a fractured finger falls far short of this objective standard. Many free citizens must endure much longer waits for medical treatment in crowded emergency rooms or in rural areas remote from ambulance service.") (citing Helling v. McKinney, 509 U.S. 25, 36 (1993)), adopted by, 2007 U.S. Dist. LEXIS 92332 (W.D. Mich., Dec. 17, 2007); Craw v. Gray, 159 F. Supp. 2d 679, 684 (N.D. Ohio 2001) (approximate thirty-minute delay between broken and dislocated hip and first medical treatment not sufficient to show deliberate indifference).

Plaintiff has not established that he suffered any harm, much less substantial harm, resulted from the five-minute delay. Plaintiff received timely treatment for his injuries, there is no allegation that any harm resulted from the minimal delay, the delay was not unreasonable, and the five-minute delay does not constitute deliberate indifference.

Accordingly, it is hereby

ORDERED that this civil action be and is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1); and it is further

/s/
Rossie D. Alston, Jr.
United States District Judge

ORDERED that, pursuant to 28 U.S.C. § 1915(g),[3] this dismissal may affect plaintiff's ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

ORDERED that plaintiff's motion to proceed in forma pauperis [Dkt. No. 3] be DENIED as MOOT.

To appeal this decision, plaintiff must file a Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order, including in the NOA the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the appellate court. Failure to file a timely NOA waives the right to appeal this Order.

The Clerk is directed to enter judgment in favor of defendants pursuant to Federal Rule of Civil Procedure 58, to send copies of the judgment and this Order to plaintiff, and to close this civil action.

Entered this 13 day of December 2021.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[3] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.